IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARFIELD J. GREEN,

                Plaintiff,

vs.                                Case No. 22-3039-SAC

JO SCHRAFER, et al.,

                Defendants.

**O R D E R**

Plaintiff, <u>pro se</u>, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Chase County Detention Center (CCDC)). Plaintiff has presented his complaint on forms for an action pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

I. <u>Screening standards</u>

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a <u>pro se</u> complaint and applies "less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v.</u>

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

<u>Pardus</u>, 551 U.S. 89, 94 (2007). A <u>pro se</u> litigant, however, is not relieved from following the same rules of procedure as any other litigant. See <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.[2] <u>United States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. <u>Iqbal</u>, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a

---

[2] The court may also consider the exhibits attached to the complaint.

cause of action' will not suffice" to state a claim. <u>Khalik v.</u>
<u>United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting
<u>Twombly</u>, 550 U.S. at 555).

"The elements necessary to establish a § 1983 ... violation
will vary with the constitutional provision at issue." <u>Pahls v.</u>
<u>Thomas</u>, 718 F.3d 1210, 1225 (10th Cir. 2013) (quotation omitted).
Liability also depends upon on an individual defendant's personal
involvement in the constitutional violation. <u>Id.</u>  The Tenth
Circuit has given the following guidance for alleging a viable §
1983 claim:

> Because § 1983 ... [is a] vehicle[ ] for imposing
> personal liability on government officials, we have
> stressed the need for careful attention to particulars,
> especially in lawsuits involving multiple defendants. It
> is particularly important that plaintiffs make clear
> exactly who is alleged to have done what to whom, ... as
> distinguished from collective allegations. When various
> officials have taken different actions with respect to
> a plaintiff, the plaintiff's facile, passive-voice
> showing that his rights "were violated" will not
> suffice. Likewise insufficient is a plaintiff's more
> active-voice yet undifferentiated contention that
> "defendants" infringed his rights.

<u>Id.</u> at 1225-26 (citation, quotation, and alteration omitted).

II. <u>The complaint</u>

Plaintiff names the following defendants in the complaint:
Larry Sigler, Jail Administrator; Richard Dorneker, Sheriff of
Chase County; Jo Schrafer, Jail Supervisor; and Immigration and
Customs Enforcement (ICE).

Generally, plaintiff alleges retaliation, poor and infrequent medical care, little access to a law library, a slippery floor caused by a failure to fix a shower, a vague threat to plaintiff's food, retaliation after plaintiff refused to eat jail food, and supplying food that led plaintiff to throw up and use the bathroom every five minutes.

The complaint asks for the following relief:  an internal and external investigation; reconsideration of plaintiff's citizenship status; and immediate transfer to another facility, perhaps closer to plaintiff's family in New York.

III. Screening

A. Citizenship status

Plaintiff's complaint seeks reconsideration of plaintiff's citizenship status.  The complaint, however, does not list statutory authority which supports the court's jurisdiction or legal ability to order such relief.  Moreover, the complaint does not allege any plausible grounds for granting reconsideration of plaintiff's citizenship status or grounds to find that a named defendant is legally capable of executing such relief.  Therefore, the complaint fails to state a claim for reconsideration of plaintiff's citizenship status.

B. Immediate transfer

The complaint seeks an order directing that plaintiff be transferred to another detention facility.  In general, however,

a prisoner has no constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-50 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Plaintiff has not alleged grounds which justify diverging from the general rule.

C. Investigation

The complaint seeks an internal and external investigation. This court has held many times that it lacks the authority to order a criminal investigation or prosecution. E.g., Hewitt v. Wright, 2021 WL 4439297 *2 (D.Kan. 9/28/2021)(citing Presley v. Presley, 102 Fed.Appx. 636, 636-37 (10th Cir. 2004)). As for ordering a civil investigation, the complaint fails to describe a constitutional or statutory violation which would justify such relief. Moreover, the relief requested is not narrowly drawn and therefore is barred under the provisions of 18 U.S.C. § 3626(a)(1). Nor does this case appear sufficiently complex at this time to warrant the appointment of a special master under 18 U.S.C. § 3626(f), Fed.R.Evid. 706, or Fed.R.Civ.P. 53.

D. Personal participation

To state a constitutional claim against an individual defendant there must be plausible allegations of that defendant's personal involvement in the alleged constitutional violation.

<u>Schneider v. City of Grand Junction Police Dept.</u>, 717 F.3d 760, 768 (10th Cir. 2013).  To meet the personal-involvement requirement for a supervisor, a plaintiff must show an "affirmative link" between the supervisor and the alleged constitutional violation. <u>Perry v. Durborow</u>, 892 F.3d 1116, 1121 (10th Cir. 2018)(quoting <u>Schneider</u>, 717 F.3d at 767).

Plaintiff does not allege facts showing an affirmative link between any of the three individual defendants and injuries caused by inadequate medical care, dangerous conditions, retaliation, or denial of access to a law library.  Plaintiff alludes to complaints that he made to defendant Sigler and defendant Schrafer.  A plaintiff, however, may not seek to impose liability upon a defendant merely because of that person's supervisory position and knowledge of a subordinate's conduct.[3]  See <u>Schneider</u>, 717 F.3d at 767.  The Tenth Circuit has held that communicating grievances to a supervisor, such as a jail commander, is not enough to attach liability when the response signifies nothing more than a reasonable reliance on the judgment of prison staff.  <u>Gallagher v. Shelton</u>, 587 F.3d 1063, 1069 (10th Cir. 2009); <u>Phillips v. Tiona</u>, 508 Fed.Appx. 737, 744 (10th Cir. 2013); <u>Arocho v. Nafziger</u>, 367 Fed.Appx. 942, 956 (10th Cir. 2010); see also, <u>Jovel v. Berkebile</u>, 2015 WL 4538074 *4 (D.Colo. 7/28/2015); <u>Karsten v. Davis</u>, 2013 WL

---

[3] The portions of the complaint which describe defendant Sigler's conduct, such as cleaning after a sprinkler malfunction and providing food which made plaintiff sick, do not describe a constitutional violation.

2120635 *11-12 (D.Colo. 4/26/2013).  Nor, as mentioned earlier in this order, is personal involvement adequately described with allegations that "defendants" or "they" violated plaintiff's rights.

### E. Access to the courts

"To state a claim for denial of [access to the courts]," plaintiff "must show that any denial or delay of access to the court prejudiced him in pursuing litigation." Trujillo v. Williams, 465 F.3d 1210, 1226 (10th Cir. 2006)(interior quotation omitted).  This must be addressed in the complaint's allegations in a manner that gives fair notice to a defendant. Christopher v. Harbury, 536 U.S. 403, 416 (2002); McBride v. Deer, 240 F.3d 1287, 1290 (10th Cir. 2001).  Plaintiff's complaint fails to give defendants fair notice of how their actions caused plaintiff prejudice in pursing litigation.

### F. Deliberate indifference

To state an Eighth Amendment claim, a complaint must allege that defendants acted with deliberate indifference that a constitutional violation would occur. Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008).  To be deliberately indifferent, an official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The complaint fails to allege facts showing that the

individual defendants were deliberately indifferent to a substantial risk of serious harm.

As for an agency defendant, the deliberate indifference standard may be met when the agency has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. See Waller v. City & County of Denver, 932 F.3d 1277, 1284 (10th Cir. 2019). Plaintiff has not alleged facts plausibly showing that ICE had such actual or constructive notice.

G. Retaliation

To state a First Amendment retaliation claim, plaintiff must allege: 1) he engaged in constitutionally protected activity; 2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and 3) the defendant's adverse action was substantially motivated as a response to his constitutionally protected activity. Gray v. Geo Group, Inc., 727 Fed.Appx. 940, 946 (10th Cir. 2018)(citing Mocek v. City of Albuquerque, 813 F.3d 912, 930 (10th Cir. 2015)). Here, plaintiff's general and subjective conclusions regarding defendants' motives are insufficient to state a plausible claim for retaliation.

H. Negligence

Finally, to the degree that the facts alleged in the complaint merely amount to negligence, that is insufficient to state a claim under § 1983 or the Eighth Amendment.  See Kingsley v. Hendrickson, 576 U.S. 389, 395-96 (2015); Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007); Mata v. Saiz, 427 F.3d 745, 751-52 (10th Cir. 2005); Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999); see also, J.W. v. Utah, 647 F.3d 1006, 1012 (10th Cir. 2011)(negligent supervision in general does not suffice to state a § 1983 claim).  Plaintiff's alleges negligence which led him to fall from a wheelchair and makes other allegations which could be categorized as negligence.

IV. Conclusion

As explained above, for a variety of reasons, plaintiff's complaint is subject to dismissal.  The court shall grant plaintiff time until May 16, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED**.

Dated this 15th day of April 2022, at Topeka, Kansas.

s/Sam A. Crow _____
U.S. District Senior Judge